MAY, J.
A dispute over a diamond ring brings this case to our court. A former fiancé appeals a summary judgment requiring her to return a diamond ring. She argues that genuine issues of material fact prevented the trial court from entering a summary judgment as a matter of law. We agree and reverse.
Tammy met Andrew in November 2005. She resigned from her part-time job at Andrew’s request to spend more time with him. Andrew began to contribute to her support. They initially maintained separate residences, but not long after they met, Tammy helped Andrew find a home to purchase. A month later, he moved in; Tammy and her three children moved in to join him.
After cohabitating, Tammy realized that Andrew had a problem. She and her children continued to live with him until June 2008 when he asked them to leave. The couple reconciled in December, but Tammy told Andrew she would not many him if he did not enter treatment. He promised her that he would seek treatment. She testified that she would never have moved back into the house unless she was assured they could stay.
To provide Tammy and her children with more security, Andrew asked his attorney to put Tammy’s name on the deed to the house. He presented the revised deed to her as a birthday gift. He also gave Tammy and her children $12,000 each.
Andrew asked Tammy to marry him. He bought her a 6.71 carat diamond ring in December as both a Christmas gift and an engagement,ring. She felt that it also provided additional monetary security for her and her children. They planned to wed in June.
In March, Tammy confronted Andrew about entering treatment. He told her that he did not think he had a problem. When Tammy forced the issue, he told her that he no longer wanted to marry her. Two days later, Tammy called law enforcement for a domestic dispute after an argument concerning their engagement. Law enforcement arrested Andrew.
The next month, Andrew filed a four-count complaint seeking replevin of the diamond ring along with other relief. He alleged that the diamond ring was given in contemplation of marriage and, since Tammy terminated the engagement, he was entitled to its return. According to Tammy, she never intended to break the engagement, but simply to postpone the wedding until Andrew completed treatment.
Andrew moved for summary judgment. Tammy filed documents and case law in opposition to the motion. She also adopted the arguments, authorities, and materials contained in her response to a prior order to show cause.
At the hearing, the trial court found that the diamond ring was given in contemplation of marriage and, because the engagement had ended, Andrew was entitled to its return. Despite Tammy’s testimony, the court found no evidence to support her *1097 position that the diamond ring had been given as a gift.
According to the court, it did not matter who broke off the engagement. Because the marriage did not take place, Andrew was entitled to the ring. The court granted summary judgment in Andrew’s favor. From this judgment, Tammy appeals.
Tammy argues this is a classic “he said, she said” case not suitable for summary judgment. Each party presented conflicting versions of the facts, and the trial court entered a summary judgment even though there was a genuine issue of material fact. Andrew responds that there was no genuine issue of material fact. Their wedding was not conditioned on Andrew entering into treatment. Because Tammy broke the engagement, they did not marry on their scheduled wedding date. Under Florida law, Andrew is entitled to the return of the ring.
We have de novo review of this summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 180 (Fla.2000).
We need not reach the issue of when an engagement ring must be returned. We must simply determine whether a genuine issue of material fact existed. The answer to that question is “yes.” This is a classic example of “he said, she said,” which precluded the trial court from entering summary judgment on the issue. We therefore reverse and remand the case for further proceedings.

Reversed and Remanded.

CIKLIN, J., and SCHIFF, LOUIS, Associate Judge, concur.